# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,
ZACHARY BABITZ,

     Plaintiffs,

v.                                                                                      No. 25-cv-0478-DHU-SCY

KEEFE COMMISSARY NETWORK LLC, *et al*,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Bryce Franklin's Motion to Remand (Doc. 5) and Motion to Strike (Doc. 6). Also before the Court is Defendant Keefe Commissary Network LLC's Motion to Dismiss for Failure to State a Claim (Doc. 3) (Motion to Dismiss). Plaintiffs Bryce Franklin and Zachary Babitz[1] are state prisoners and are proceeding *pro se*. They initiated this case by filing a Civil Complaint in New Mexico's First Judicial District Court. *See* Doc. 1-2 (Complaint). The Complaint alleges Defendant overcharged Plaintiffs for canteen items at the Dona Ana County Correctional Facility (DACCF). *Id.* at 7-10. Ramen noodles cost about 25 cents at Walmart, for example, but Defendant charges $1.25 to DACCF inmates. *Id.* at 9. The Complaint raises state law claims for violation of the New Mexico Unfair Practices Act, N.M.S.A. § 57-1-1, *et seq.*; unjust enrichment; and cruel and unusual punishment under the New Mexico Constitution. *Id.* at 9-11. Plaintiffs seek unspecified money damages and injunctive relief. *Id.* at 11.

---

[1] At one point the opening pleading lists Jose Castaneda as a third co-plaintiff. *See* Doc. 1-2 at 9. However, because only Franklin and Babitz signed that pleading, the Court will assume they are the only plaintiffs in this case. *Id.* at 12; *see also* Fed. R. Civ. P. 11(a).

Defendant removed the case to this Court on the basis of diversity jurisdiction.   Defendant argues jurisdiction is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.   *See* 28 U.S.C. § 1332(a).   At issue here is the amount in controversy.   To resist remand, "[D]efendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it possible that $75,000 was in play."   *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008).   Defendant argues the amount may exceed $75,000 - notwithstanding the seemingly small commissary overcharges - because the Complaint seeks an injunction ordering Defendant to "lower canteen prices to something comparable to prices offered to non-incarcerated" individuals.   *See* Doc. 7 at 3; Doc. 1-2 at 11.   Defendant estimates this process could cost tens of thousands of dollars and require the modification of contracts across numerous facilities.   *See* Doc. 7 at 3.   Defendant also filed a Motion to Dismiss, arguing the Original Complaint fails to state a cognizable claim for relief.   *See* Doc. 3.

Plaintiff Bryce Franklin filed a timely Motion to Remand (Doc. 5).   He clarifies that he spent less than $2,000 at DACCF's canteen; his damages cannot amount to more than $25,000; and Babitz "has not spent [$]75,000 because of weekly spending limits paired with the time he has spent at" DACCF.   *Id.* at 2.   A later reply brief also states Plaintiff Franklin "was incarcerated in [DACCF] for less than two months," and Defendant "fails to explain how unlawful prices could possibly result in a total reward that exceeds $75,000."   *Id.* at 4.

Construing these *pro se* filings liberally, the Court discerns Plaintiff Franklin is clarifying his request for injunctive relief and confirming that the Complaint does not seek an injunction impacting multiple facilities or non-plaintiffs.   While parties are generally not permitted to amend their claims post-removal to reduce the amount in controversy, *see Royal Canin U.S.A., Inc. v.*

2

*Wullschleger*, 604 U.S. 22, 38 n. 8 (2025), a plaintiff's *clarification* regarding the damages amount can be relevant where, as here, the request for relief is ambiguous.   *See McPhail*, 529 F.3d 947, 954 (10th Cir. 2008) (considering plaintiff's calculations and informal estimates in evaluating whether the claims exceed $75,000); *Garcia v. Timberlake*, 2012 WL 13081216, at *3 (D.N.M. Jan. 5, 2012) (post-removal affidavit clarifying that amount in controversy did not exceed $75,000 supports remand) (collecting cases); *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014) (in determining amount in controversy for purposes of diversity jurisdiction, court may consider a stipulation clarifying, rather than reducing, the amount in controversy).

Beyond the clarification, it does not appear that Plaintiffs could obtain an injunction impacting multiple facilities or non-plaintiffs.   The claims for injunctive relief may be moot, as both Plaintiffs have been transferred out of DACCF.   *See* https://www.cd.nm.gov/offender-search/; *see also Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that once a prisoner is released from a prison, neither declaratory nor injunctive relief would have any effect on defendants' behavior); *Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1311 (10th Cir. 2010) (the general rule regardless mootness and injunctive relief applies to transfers between prisons); *Griffin v. Penn,* 213 P.3d 514, 517 (N.M. App. 2009) (applying federal standards to prisoner claims arising under New Mexico law).   Moreover, the *pro se* Plaintiffs cannot pursue class action claims requiring Defendant to change its pricing throughout the prison system.   *See McGoldrick v. Werholtz,* 185 Fed. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are pro se, the district court would have abused its discretion if it had certified a class action.").

Consistent with this authority, and in light of Plaintiff Franklin's sworn statements clarifying the scope of his claims, it appears the $75,000 damages threshold is not met.   Plaintiffs

3

cannot obtain widespread injunctive relief that impacts other parties, and it appears any overcharges were small based on the length of detention at DACCF and the amount at issue. In addition, to the extent Defendant's briefs allege this case is removable based on subject matter jurisdiction, such argument fails. While the Complaint references cruel and unusual punishment, it explicitly raises that claim under Article II of the New Mexico Constitution. *See* Doc. 1-2 at 8, 11.

Ordinarily, the Court would enter an order remanding this case to state court. The Motion to Remand cannot be granted outright, however, because only Plaintiff Franklin signed that filing. Plaintiff Franklin is not an attorney, and he cannot clarify claims or seek relief on behalf of Plaintiff Babitz. *See Perry v. Stout*, 20 Fed. App'x 780, 782 (10th Cir. 2001) ("Non-attorney *pro se* litigants cannot represent other *pro se* parties"). To resolve this issue, the Court will deny the instant Motion to Remand without prejudice and allow Plaintiffs to file an amended motion to remand that relates back to the original filing. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990) (*pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law"). The Court will also deny Defendant's Motion to Dismiss (Doc. 3) and Plaintiff Franklin's Motion to Strike (Doc. 6) that filing without prejudice. The parties can re-file those motions if they become relevant at a later time.

Plaintiffs must file the amended motion to remand within thirty (30) days of entry of this Order. The amended motion should reattach the sworn statements clarifying the scope of the claims for injunctive relief and the request for damages. It must be signed under oath by <u>both</u> Plaintiffs. If Plaintiffs fail to timely comply with these instructions, the Court may dismiss this case without further notice for failure to prosecute and comply with Orders.

4

**IT IS ORDERED** that Defendant's Motion to Dismiss (**Doc. 3**); Plaintiff Franklin's Motion to Remand (**Doc. 5**); and Plaintiff Franklin's Motion to Strike (**Doc. 6**) are **DENIED without prejudice**, as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs shall sign and file an amended motion to remand within thirty (30) days of entry of this Order.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE